**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES WILLIAM SMITH,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-600-Y** |
| | § | |
| **NATHANIEL QUARTERMAN,  Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner James William Smith, TDCJ-ID #371376, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Douglas Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

Smith is currently serving a thirty-year sentence for his 1984 conviction for burglary of a

building in cause number 213773D, Criminal District Court Number Two, Tarrant County, Texas. *Ex parte Smith*, State Habeas Application No. 13,614-03, at 23.   By way of this petition, Smith challenges the Texas Board of Pardons and Paroles's revocation of his parole on June 6, 2006. (Petition at 7 & Exhibit D-2.) Quarterman has filed a motion to dismiss the petition on exhaustion grounds.   (Resp't Motion to Dismiss at 3-4.)

### D. ISSUES

In one ground, Smith claims he was denied due process because he requested, but was denied, the presence of witnesses, lawyers, and ministers during the revocation hearing.   (Petition at 7.)

### E. RULE 5 STATEMENT

Quarterman maintains that Smith's claim has not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c) because Smith has not filed an application for state writ of habeas corpus raising the claim.   (Resp't Answer at 3-4.)

### F. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*,

---

[1]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

>> (A) the applicant has exhausted the remedies available in the courts of the State; or

>> (B)(i) there is an absence of available State corrective process; or

>> (ii) circumstances exist that render such process

(continued...)

2

169 F.3d 295, 302 (5ᵗʰ Cir. 1999). For purposes of exhaustion, the Texas Court of Criminal Appeals

is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5ᵗʰ Cir. 1985). Thus,

a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal

substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary

review or, or as in this instance, a state habeas corpus proceeding pursuant to article 11.07 of the

Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005);

*Alexander v. Johnson*, 163 F.3d 906, 908-09 (5ᵗʰ Cir. 1998); *Bd. of Pardons & Paroles v. Court of*

*Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

As previously noted, Quarterman asserts that Smith has not filed a state habeas application

relevant to his June 6, 2006, and Smith has not refuted this assertion.[2]  Because the state court has

not been afforded a fair opportunity to consider the merits of Smith's claim, the claim is unexhausted

for purposes of federal habeas review.  He must first pursue his state habeas corpus remedies, in

addition to any applicable administrative remedies, before seeking federal relief under § 2254.

Absent a showing that state remedies are inadequate or that circumstances exist that render such

process ineffective, such showing not having been demonstrated by Smith, he cannot now proceed

in federal court in habeas corpus.  Accordingly, dismissal of this federal habeas corpus proceeding

for lack of exhaustion is warranted so that Smith can fully exhaust his state court remedies and then

---

[1](...continued)

ineffective to protect the rights of the applicant.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[2]Smith has filed at least three unrelated state habeas applications. *See Ex parte Smith*, Application Nos. 13,614, 13,614-03 & 13,614-04.

return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[3]

## II. RECOMMENDATION

It is therefore recommended that Quarterman's motion to dismiss be GRANTED and that Smith's petition for writ of habeas corpus be DISMISSED without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 3, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

---

[3] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 3, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 12, 2006.


_/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE